# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GWEN L. KLINE,**

             **Plaintiff,**

**-vs-**                                     **Case No. 6:06-cv-1263-Orl-31KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

             **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. No. 17)
>
> **FILED:** May 21, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The plaintiff, Gwen Kline, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on February 21, 2007. Doc. No. 16. An award of fees is, therefore, ripe for consideration.

Kline's attorney seeks $1,706.98 in attorney's fees for 10.5 hours of work performed in 2006 and 2007,[1] compensated at the hourly rate of $162.57. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Kline has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $162.57 for work performed in 2006 and 2007. Doc. No. 17-2. This rate supports the total request for $1,706.98. Kline served the present motion on the defendant, the Commissioner of Social Security. The Commissioner has not responded to the motion, and the time for doing so has passed. Accordingly, I construe the motion to be unopposed.

After reviewing the papers submitted by Kline, I find that the fees requested are appropriate in the absence of objection. I therefore respectfully recommend that Kline be awarded $1,706.98 in attorney's fees under the EAJA.

Failure to file written objections to the proposed findings and recommendations

---

[1] The memorandum submitted in support of the present motion includes a request for 28.9 hours worked between 2005 and 2007. *See* Doc. No. 17-2. This discussion appears copied from a previous memorandum. Because there is no evidentiary support of these additional hours, I rely solely on counsel's declaration and summary of hours, which supports the request for reimbursement for 10.5 hours of work. Doc. No. 17-3.

contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    Recommended in Orlando, Florida on July 5, 2007.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy